UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MAGALY K. SALAMEA,

                Plaintiff,

- against –

MACY'S EAST, INC., FEDERATED DEPARTMENT
STORES, INC., and FAUSTO FRIELE,

                Defendants.
_____

05 Civ. 3488 (JGK)

<u>OPINION & ORDER</u>

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Magaly Salamea, filed this action in the New York State Supreme Court, New York County, alleging four causes of action against the defendants, Macy's East, Inc. ("Macy's"), Federated Department Stores, Inc. ("Federated"), and Fausto Friele, an employee of Macy's. The plaintiff alleges two causes of action for negligence against Macy's and Federated, a cause of action under New York State Labor Law § 198 for failure to pay accrued vacation pay against Macy's and Federated, and a cause of action for prima facie tort against Friele.

    Following removal to this Court, the plaintiff moved pursuant to 28 U.S.C. § 1447(c) to remand this action to state court, arguing that the action was based purely on state law claims. The defendants argue that the state law claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The defendants have moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons

stated below, the plaintiff's motion to remand is denied, and the defendants' motion to dismiss is granted.

**I.**

The following alleged facts are not disputed for the purposes of the pending motions. Salamea was employed by Macy's for approximately two years until she was terminated in March 2004. (Compl. ¶ 1.) Defendant Federated is the parent corporation of Macy's, and defendant Friele was a Macy's employee who supervised the Macy's department where Salamea worked. (Id. at ¶¶ 3-5.) No diversity jurisdiction exists because Salamea is a citizen of New York and Macy's has a principal place of business in New York. (Hearing Tr. at 6.)

While supervising Salamea, Friele engaged in harassing and hostile conduct toward her, including verbal threats, menacing physical gestures, unwarranted reprimands, and refusal to approve reasonable requests for vacation time. (Compl. at ¶ 5.) Friele engaged in this conduct to force Salamea to resign. (Id. at ¶ 6.) Salamea complained to Macy's about Friele's conduct on several occasions, including submitting a written complaint to Macy's Human Resources Department on February 25, 2004. (Id. at ¶ 7.) Macy's did not investigate Salamea's complaints. (Id. at ¶ 10.)

Salamea requested a leave of absence to visit her parents in Florida, and was specifically authorized by Friele to take her

2

accrued vacation time between March 9 and March 23, 2004. (Id. at ¶¶ 8-9.) In reliance on Friele's instructions, Salamea went to visit her parents in Florida and was absent from work as of March 9, 2004. (Id. at ¶ 9.) Friele then falsely reported to Macy's that Salamea abandoned her employment by taking unauthorized leave, and Macy's terminated her employment on or about March 11, 2004. (Id. at ¶¶ 1, 9-10.) Macy's did not pay Salamea her vacation pay for the ten approved vacation days she took between March 9 and March 23, 2004. (Id. at ¶ 27.)

When Salamea learned that she was terminated, she attempted to bring to Macy's attention the fact the Friele had approved her vacation, but Macy's refused to reconsider her termination or investigate her complaints about Friele's conduct. (Id. at ¶ 12.) Salamea then applied for and received unemployment insurance benefits after the New York State Department of Labor Unemployment Insurance Division determined that she did not abandon her employment. (Id. at ¶ 13.) Macy's and Federated appealed this decision and produced Friele as a witness, who allegedly falsely testified that Salamea was not on an approved vacation but had taken an unauthorized leave of absence. (Id. at ¶ 14.) Salamea's unemployment benefits were terminated because of that alleged false testimony. (Id. at ¶ 15.)

Macy's and Federated allege – and Salamea does not deny – that during the course of her employment, Salamea was a member of

3

Local 1-S, Retail, Wholesale, Department Store Workers Union ("Local 1-S"). (Notice of Removal ¶ 2.) The collective bargaining agreement ("CBA") entered between Local 1-S and Macy's provided for mandatory grievance and arbitration procedures. (Principal Collective Bargaining Agreement Between Macy's New York and Local 1-S Retail, Wholesale, Department Store Workers Union, A.F.L.-C.I.O., Agreement of March 3, 1989 ("1989 CBA"), attached as Exhibit A to Defendants' Mem., at Articles XI and XII.) The CBA also provides for terms and conditions relating to vacation time, wages, and dismissal. (Id. at Articles III, IV, VI & VII.) Salamea has not filed a grievance pursuant to the CBA, and disclaims any reliance on the CBA in making the claims alleged here. (Hearing Tr. at 11, 17-18.)

Salamea filed a Verified Complaint in the New York State Supreme Court, New York County. On April 4, 2005, defendants Macy's and Federated filed a notice of removal claiming that Salamea's state law claims were preempted under Section 301 of the Labor Management Relations Act. (Notice of Removal ¶ 2.) Defendants Macy's and Federated filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Salamea requests permission to re-plead if any claim is dismissed. (Marie Judith McCormack Aff. at ¶ 20).

**II.**

**A.**

The plaintiff moves to remand this action, arguing that the plaintiff's state law claims are not preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("§ 301").

The defendants removed this action pursuant to 28 U.S.C. § 1441(a), which provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court. If the removal is based on federal question jurisdiction, the action is removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b). The party seeking removal bears the burden of establishing that removal is proper. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). An action may be removed to federal court pursuant to § 1441 if the plaintiff's "well-pleaded complaint" presents a federal question. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

However, there is a "complete preemption" corollary to the well-pleaded complaint rule: "[w]hen federal common or statutory law so utterly dominates a preempted field that all claims brought within the field necessarily arise under federal law, a complaint

purporting to raise state law claims in that field actually raises federal claims," and thus is subject to removal. Marcus v. AT&T Corp., 138 F.3d 46, 53 (2d Cir. 1998). Here, the "unusual pre-emptive power" accorded to § 301 may create federal jurisdiction "even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." Vera v. Saks & Co., 335 F.3d 109, 114 (2d Cir. 2003) (per curiam).

Thus, to determine if removal pursuant to 28 U.S.C. § 1441 was proper, the Court must determine whether any of the purported state law claims in the complaint are preempted by § 301.

**B.**

Count One of the complaint alleges a state law claim of negligence against defendants Macy's and Federated relating to the circumstances surrounding Salamea's termination. "[W]here the resolution of a state-law claim depends on an interpretation of the collective bargaining agreement, the claim is preempted" by § 301. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 261 (1994) (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988)); Vera, 335 F.3d at 114-15. This, in turn, depends on the "legal character" of the state law claim and whether it is truly independent of rights under the collective bargaining agreement. Livadas v. Bradshaw, 512 U.S. 107, 123-24 (1994); Foy v. Pratt & Whitney Group, 127 F.3d 229, 234 (2d Cir. 1997).

6

Accordingly, "the stating point in determining whether a claim is preempted by Section 301 is consideration of the elements of plaintiff's stated claim." Zuckerman v. Volume Services America, Inc., 304 F. Supp. 2d 365, 370 (E.D.N.Y. 2004).

To establish a negligence claim under New York law, the plaintiff would be required to show that the defendants breached a duty of care owed to the plaintiff and that the breach was a substantial factor in bringing about damage to the plaintiff. In re New York City Asbestos Litigation, 840 N.E.2d 115, 119 (N.Y. 2005); Palsgraf v. Long Is. R.R. Co., 162 N.E. 99, 99-100 (1928). New York State law provides for employment at will. Arledge v. Stratmar Systems, Inc., 948 F.2d 845, 847 (2d Cir. 1991). "An employer has the right to terminate employment at will at any time and for any reason or no reason, except as that right may have been limited by express agreement with the employee or in a collective bargaining agreement of which the employee is a beneficiary." O'Connor v. Eastman Kodak Co., 65 N.Y.2d 724 (1985); see also Gorrill v. Icelandair/Flugleidir, 761 F.2d 847, 851 (2d Cir. 1985).

If Salamea was an at will employee, she could be terminated for any reason or no reason at all, and the defendants would have no duty to investigate her complaints and could rely upon even false supervisory statements for her termination. Therefore, if the defendants owed any duty of care to Salamea, that duty arose

7

from the CBA's requirement that an employee not be terminated without just cause. Thus, this case is governed by Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985), which found a purported state law action to be preempted by § 301. As the Supreme Court explained in Allis-Chalmers, "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by re-labeling their contract claims as claims for tortious breach of contract." Id. at 211.

The plaintiff disclaims any reliance on the CBA or the fact that she could not have been terminated under the CBA without just cause. (Hearing Tr. at 11.) However, the plaintiff fails to provide any basis for the defendants to have a duty of care with respect to her termination. When pressed at argument for a basis, the plaintiff only referred to an unidentified New York labor statute requiring employers to pay wages when due. (Id. at 12.) This does not provide any basis for a duty of care for a negligent termination claim. Wages could not be due if the plaintiff were no longer employed.

While the plaintiff attempts to disclaim reliance on the duty of care imposed by the CBA, to allow the plaintiff to proceed with a negligent termination claim where the only possible basis for such a claim is the CBA "would elevate form over substance and allow parties to evade the requirements of § 301." Allis-Chalmers, 471 U.S. at 211. Thus, Count One is preempted by § 301, and removal of the action is proper because the complaint presents a federal question.

## c.

Count Three alleges that Macy's and Federated violated New York State Labor Law § 198 by failing to pay Salamea her accrued vacation pay for ten vacation days allegedly approved by Friele. The defendants argue that Count Three is also preempted by § 301 because determining whether Salamea was entitled to take vacation and whether she obtained the proper approval for her vacation requires interpretation of the CBA. See Kowalik v. General Marine Transport Corp., 550 F.2d 770, 771-72 (2d Cir. 1977) (finding that claim for overtime pay depended on the employment agreement, and that "[t]here would appear to be no just reason why plaintiff should obtain such wage benefits as the Agreement may provide but simultaneously repudiate the means specified in the Agreement for the determination thereof."). Courts have held that when a collective bargaining agreement exists, claims against employers for unpaid wages under New York State Labor Law § 198 are

9

preempted by § 301.  Heyer v. Morris Okun, Inc., No. 03 Civ. 2218, 2003 WL 21991583, at *1 (S.D.N.Y. Aug. 20, 2003); Garcia v. Allied Parking Systems, 752 N.Y.S.2d 316, 317-18 (App. Div. 2002).

It is true that claims are not preempted by § 301 if they only require that the CBA be "consulted" for damages calculation rather than be "interpreted" to resolve the dispute. Livadas, 512 U.S. at 124 ("when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished"). In this case, the CBA contains detailed requirements for an employee to be eligible for vacation benefits. (1989 CBA, at Article VI.) There is a dispute as to whether Salamea was entitled to the ten vacation days taken, and whether she followed the appropriate procedures for scheduling her vacation to make her eligible for vacation pay. The resolution of these disputes will require interpretation of the CBA, and thus, Count Three is also preempted by § 301, providing another basis for removal.

The plaintiff's motion to remand is denied.

### III.

Defendants Macy's and Federated move to dismiss the three counts against them - Counts One, Two, and Three - pursuant to Fed. R. Civ. P. 12(b)(6) because each cause of action fails to state a claim upon which relief can be granted.

On a motion to dismiss, the allegations in the complaint are accepted as true. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). The Court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Therefore, the defendants' motion to dismiss for failure to state a claim should only be granted if it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). In deciding the motion, the Court may consider documents that are referenced in the Complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

**A.**

Count One alleges that Macy's and Federated were negligent in relying on Friele's false statements in terminating Salamea. The Court has addressed above why this negligence claim, if viable at all, necessarily must arise under the CBA's requirement that Salamea could only be fired for "just cause." The CBA mandated

11

the use of grievance and arbitration mechanisms provided therein for the resolution of all complaints, disputes, or grievances that involve the interpretation, validity, or performance of the CBA. (See 1989 CBA, at Articles XI and XII.)  There is no dispute that Salamea failed to use any of the grievance mechanisms in the CBA. (Hearing Tr. at 17.)

Because the plaintiff's claim that Macy's and Federated were negligent in terminating her falls squarely within the scope of the grievance and arbitration provisions, and because the plaintiff failed to use those dispute resolution mechanisms, Count One must be dismissed.  See Allis-Chalmers, 471 U.S. at 220-21 ("This complaint should have been dismissed for failure to make use of the grievance procedure established in the collective-bargaining agreement, or dismissed as pre-empted by § 301." (internal citations omitted)); Vera, 335 F.3d at 118-19 ("Because plaintiff failed to exhaust his remedies under the CBA to grieve and arbitrate his section 193 claim, the District Court properly granted defendant summary judgment.")[1]

**B.**

Count Three alleges that Macy's and Federated violated New York State Labor Law § 198 by failing to pay accrued vacation pay. The Court has addressed above why this claim is also preempted by

---

[1] It is unnecessary to reach the defendants' alternative argument that this claim is barred by the exclusivity provisions of the New York Workers' Compensation Law.

§ 301 because it requires interpretation of the CBA. As discussed above in the context of Count One, Salamea's failure to exhaust her remedies under the CBA for her claim for unpaid vacation days requires that Count Three be dismissed.

C.

Count Two alleges that Macy's and Federated were negligent in presenting Friele's false testimony before the New York State Unemployment Insurance Division (the "Division") after Salamea was terminated. This claim is not pre-empted by § 301 because it does not involve the interpretation or application of the CBA. This claim involves an alleged tort committed by the defendants after the plaintiff had been terminated from her employment and was no longer covered by the CBA.

However, because both of the claims preempted by § 301 are dismissed and there are no remaining federal claims, the Court declines to exercise supplemental jurisdiction over this purely state law claim. See 28 U.S.C. § 1367(c)(3); <u>Valencia ex rel. Franco v. Lee</u>, 316 F.3d 299, 304-06 (2d Cir. 2003). Thus, Count Two is dismissed without prejudice. Count Four, which alleges a state law claim for prima facie tort against Friele, is similarly dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over it.

13

## CONCLUSION

The remaining arguments of the parties are either moot or without merit. For the reasons stated above, the plaintiff's motion to remand is **denied**. The defendants' motion to dismiss the complaint is **granted**. Counts One and Three are dismissed for failure to exhaust the grievance and arbitration provisions under the CBA. Counts Two and Four are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them. The plaintiff's request to amend her complaint is **denied** as moot.

The Clerk is directed to enter judgment dismissing the complaint and closing the case.

SO ORDERED.

Dated:  New York, New York
        April 5, 2006

_____
John G. Koeltl
United States District Judge